IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND
FOR COLLIER COUNTY, FLORIDA

CASE NUMBER: 11-2023-CA-000890-0001-XX

EL KOMATI, LLC,

      **Plaintiff,**

v.

VANTAGE RISK SPECIALTY INSURANCE
COMPANY,

      **Defendant.**

_____/

### AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, El Komati, LLC, by and through the undersigned counsel hereby sues

Defendant, Vantage Risk Specialty Insurance Company, and alleges as follows:

1.   This is an action for breach of contract with damages greater than Fifty Thousand Dollars

($50,000.00), exclusive of interest, costs, and attorney's fees.

2.   At all material times hereto, Plaintiff was and is a Florida resident.

3.   Defendant, is upon information and belief, a corporation duly authorized to conduct

business in the State of Florida, and which does issue policies of insurance in Collier County.

4.   Jurisdiction and venue of this matter are proper in Circuit Court for Collier County,

Florida.

5.   At all times material hereto there was in full force and effect a homeowner's property

insurance policy, Policy Number IBP1004665, (the "Policy"). See attached Homeowner's Policy

Declarations and/or Policy as Exhibit "A".

6.   Under Policy's terms, Defendant insured the Plaintiff against certain losses to Plaintiff's

home located in Collier County at 4521 Executive Drive, Naples, FL 34119 (the "Property").

7.   On or about September 28, 2022, while the policy was in full force and effect, the Property sustained damage that was covered under the Policy as a result of wind.

8.   Plaintiff filed a claim with Defendant that was assigned Claim Number 5500442123.

## COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

Plaintiff El Komati, LLC, by and through the undersigned attorney sues Defendant, Vantage Risk Specialty Insurance Company, and alleges as follows:

9.   Plaintiff re-alleges paragraphs 1 through 8 above and incorporates the same by reference herein.

10.  Plaintiff is a named insured under Plaintiff's Policy which was in full force and effect all times material to this Complaint.

11.  All conditions precedent for the recovery of benefits have been performed, complied with, or otherwise waived.

12.  Despite receiving Plaintiff's demand for payment, Defendant has failed or refused to fully indemnify Plaintiff from the amount of loss.

13.  Defendant's refusal to reimburse Plaintiff adequately for damages and otherwise make Plaintiff whole constitutes a breach of contract.

14.  Plaintiff has been damaged because of Defendant's breach; Plaintiff's damages include insurance proceeds which have not been paid, interest, costs, and attorney's fees.

15.  Plaintiff has been and remains fully prepared to comply with all of the Policy's obligations.

16.  Defendant's conduct has caused the Plaintiff to retain the services of the undersigned attorney to represent them in this action, and Plaintiff is entitled to recover attorney's fees and

costs under Sections 627.70152 (July 1, 2021), 627.428 (July 1, 2021), 626.9373 (July 1, 2021), 57.041, 57.104, Florida Statutes, for such services.

     **WHEREFORE**, Plaintiff, El Komati, LLC, by and through the undersigned counsel, demands judgment against Defendant, Vantage Risk Specialty Insurance Company, for all damages with interest, costs, attorney fees pursuant to Sections 627.70152 (July 1, 2021), 627.428 (July 1, 2021), 626.9373 (July 1, 2021), 57.041, 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demands trial by jury.

## <u>CERTIFICATE OF SERVICE</u>

     **I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant via the Florida Eportal on this 21[th] day of April 2023.

**Dated:** April 21, 2023

*/s/Gregory N. Greenberg*
**COHEN LAW GROUP**
Gregory N. Greenberg, Esq.
Florida Bar Number: 95978
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:(407) 478-4878
Fax:(407) 478-0204
Primary: ggreenberg@itsaboutjustice.law
Secondary: brittni@itsaboutjustice.law

**IN THE CIRCUIT COURT OF THE**
**TWENTIETH JUDICIAL CIRCUIT IN AND**
**FOR COLLIER COUNTY, FLORIDA**

**CASE NUMBER: 11-2023-CA-000890-0001-XX**

**EL KOMATI, LLC,**

      **Plaintiff,**

**v.**

**VANTAGE RISK SPECIALTY INSURANCE**
**COMPANY,**

      **Defendant.**

_____/

### PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES TO DEFENDANT

Through the Undersigned Counsel, and under Florida Rules of Civil Procedure 1.340, Plaintiff El Komati, LLC has propounded to Defendant, Vantage Risk Specialty Insurance Company, the attached Interrogatories to be answered under oath within thirty (30) days of service of the Complaint herein.

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant via the Florida Eportal on this 21[th] day of April 2023.

**Dates:** April 21, 2023

_/s/Gregory N. Greenberg_
**COHEN LAW GROUP**
Gregory N. Greenberg, Esq.
Florida Bar Number: 95978
_FOR THE FIRM_
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:(407) 478-4878
Fax:(407) 478-0204
Primary: ggreenberg@itsaboutjustice.law
Secondary: brittni@itsaboutjustice.law

DEFINITIONS AND INSTRUCTIONS

For purposes of these Interrogatories, the following terms and definitions are provided:

1. <u>Plaintiff</u>:   The term "Plaintiff" as used herein shall mean El Komati, LLC, and its representatives as defined below.

2. <u>Defendant</u>:   The term "Defendant" shall mean Vantage Risk Specialty Insurance Company, whether by that name or any other, and its representatives as defined below.

3. <u>Representatives</u>:   The term "representatives" shall mean any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

4. <u>You</u> and <u>Your</u>:  The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

5. <u>Document</u>:  The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes, discs and digital recordings), computer printouts and other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings or any other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets, computer and digital records, as well as all digitally stored and generated documents and notes, and all drafts, alterations, modifications and changes to any of the foregoing.

6.  <u>Identify</u>:  The term "identify" when used with reference to a person shall mean to  state the full name of the person, last known full address of the person, the employer of the person (if known), and the business phone number of the person (or home phone number of the person if their business phone number is not known).  Once identified, a person may be subsequently identified by uniform use of a standard name.

7.  <u>Plaintiff's Property</u>:  The term "Plaintiff's Property" as used herein shall mean reference to the property located at 4521 Executive Drive, Naples, FL 34119.

<u>INSTRUCTIONS</u>

Should Defendant object to or not answer an Interrogatory by raising a claim of privilege, Defendant is required to:

a.  State the basis of the claim of privilege;

b.  Identify the subject matter of the information to which a claim of privilege is made;

c.  Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

d.  Identify all persons or entities to which the privileged information has been disclosed.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatory is directed?

**ANSWER:**

2.      State the facts upon which you rely for each affirmative defense in your Answer to the Complaint, or in support of a Motion to Dismiss, if such was filed.

**ANSWER:**

3.      State each and every policy provision upon which you are relying in connection with your decision to deny, or otherwise not indemnify Plaintiff for Plaintiff's claimed amount of loss.

**ANSWER:**

4.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

5.      State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

6.      Identify by name, address, phone number, and employer and title/position of all persons who on your behalf:

a)      Inspected Plaintiff's Property;

b)      Evaluated the claim;

c)      Prepared any reports in connection with this claim, including but not limited to comparative estimates, peer reviews, engineering reports, and estimates evaluating any and all loss to the insured property;

d)      Denied coverages for the claim; and

e)      Approved payment(s) made.

For each such individual state what decisions were made by said individual.

**ANSWER:**


7.      As to any and all decisions identified in answer to Interrogatory 6 above, identify with specificity all documents which were reviewed by and relied upon by said individual(s) in making said determination, identify (defined above) all persons with whom said individual(s) communicated in making said determination and state the dates when each such decision was made.

**ANSWER:**


8.      If you allege that Plaintiff has failed to perform any conditions precedent to the bringing of this action, or has failed to fulfill any duties after the loss, please state with specificity all facts and circumstances to support any contention Defendant was prejudiced by the alleged failure to comply with any conditions precedent.

**ANSWER:**


9.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter for which the witness has knowledge.

**ANSWER:**

10.     As to any statements of any kind (written, recorded, transcribed, digital or otherwise) obtained by you from Plaintiff or any other witness in connection with the property damage which is the basis of this lawsuit, identify (defined above) each such person from whom a statement was taken, state the date when each such statement was taken, state the manner in which it was taken and identify (defined above) the person who took or recorded each such statement.

**ANSWER:**

11.     As to any portion of the loss for which you contend is not covered by Plaintiff's policy, please set forth the specific item(s) which you contend are not covered, and for each such item(s), all facts supporting your contention that no coverage exists for said item(s).

**ANSWER:**

12.     If you dispute the reasonableness of the amount of loss, please set forth the specific item(s) that you contend are unreasonable, and for each item(s), please set forth all facts supporting your contention.

**ANSWER:**

13.     As to any third parties who provided services, analyses, adjusting, or otherwise rendered opinions to you in adjusting this claim, please identify:

a.      The name of the individual who hired the third party on behalf of your company;

b.      The date and nature of the services provided by the third party;

c.      Each case in which the third party has been retained by you for any purpose during the past three years;

d.      The amount of money that the third party has been paid by you during the past three years; and

e.      Please state the taxpayer identification numbers for both you and the third party.

**ANSWER:**

## **AFFIDAVIT**

Dated _____, 20__.

_____
Signature of Agent for Defendant
Vantage Risk Specialty Insurance Company

**STATE OF** _____

**COUNTY OF** _____

**BEFORE ME**, the undersigned authority, before me by means of ☐ physical presence or ☐ online notarization the Agent for Defendant, Vantage Risk Specialty Insurance Company, _____, who is ☐ personally known or ☐ produced identification _____, and who deposed and stated that the information contained in the foregoing Answers to Interrogatories is true and correct, to the best of his/her knowledge and belief.

**SWORN AND SUBSCRIBED** before me in the aforesaid County and State this _____ day of _____, 20___.

_____
Notary Public
Commission No. _____

(SEAL)

_____
(Name of Notary typed, printed or stamped)

**IN THE CIRCUIT COURT OF THE**
**TWENTIETH JUDICIAL CIRCUIT IN AND**
**FOR COLLIER COUNTY, FLORIDA**

**CASE NUMBER: 11-2023-CA-000890-0001-XX**

**EL KOMATI, LLC,**

      **Plaintiff,**

**v.**

**VANTAGE RISK SPECIALTY INSURANCE**
**COMPANY,**

      **Defendant.**

_____/

**<u>PLAINTIFF'S AMENDED FIRST REQUEST FOR ADMISSIONS TO DEFENDANT</u>**

      Through the Undersigned counsel, and under Florida Rule of Civil Procedure 1.370, Plaintiff El Komati, LLC submits to Defendant, Vantage Risk Specialty Insurance Company, the following requests for admissions for Defendant to admit or deny within thirty (30) days of the service of the Complaint herein:

1. Admit that you issued a policy of homeowners insurance that provided insurance coverage to a property located at 4521 Executive Drive, Naples, FL 34119.

   **RESPONSE:**

2. Admit that the homeowners insurance policy you issued, which is described in the Complaint, provided coverage for wind damage.

   **RESPONSE:**

3. Admit that the insurance policy you issued to Plaintiff for the property located at 4521 Executive Drive, Naples, FL 34119 was in full force and effect as of the date of loss in the Complaint.

   **RESPONSE:**

4.  Admit that the wind loss described in the Complaint, which occurred on or about the date of loss in the Complaint, was a covered event pursuant to the terms of the subject policy.

    **RESPONSE:**

5.  Admit that any payment you issued on this claim was in accordance with the terms of the insurance policy at issue in this lawsuit.

    **RESPONSE:**

6.  Admit that above-named Defendant is properly named in this action.

    **RESPONSE:**

7.  Admit that Defendant's adjuster(s) who worked on this claim did so in accordance with Fla. Stat. § 626.878.

    **RESPONSE:**

**<u>CERTIFICATE OF SERVICE</u>**

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant via the Florida Eportal on this 21st day of April 2023.

**Dated:** April 21, 2023

*/s/Gregory N. Greenberg*
**COHEN LAW GROUP**
Gregory N. Greenberg, Esq.
Florida Bar Number: 95978
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:(407) 478-4878
Fax:(407) 478-0204
Primary: ggreenberg@itsaboutjustice.law
Secondary: brittni@itsaboutjustice.law

**IN THE CIRCUIT COURT OF THE**
**TWENTIETH JUDICIAL CIRCUIT IN AND**
**FOR COLLIER COUNTY, FLORIDA**

**CASE NUMBER: 11-2023-CA-000890-0001-XX**

**EL KOMATI, LLC,**

      **Plaintiff,**

**v.**

**VANTAGE RISK SPECIALTY INSURANCE**
**COMPANY,**

      **Defendant.**

_____/

## PLAINTIFF'S AMENDED FIRST REQUEST TO PRODUCE TO DEFENDANT

Through the Undersigned Counsel, and under Florida Rules of Civil Procedure 1.350 and 1.280(a), Plaintiff El Komati, LLC requests that Defendant, Vantage Risk Specialty Insurance Company, furnish copies to Plaintiff at 350 North Lake Destiny Road, Maitland, Florida, 32751, or via E-Mail, within thirty (30) days of service of the Complaint herein.

## DEFINITIONS AND INSTRUCTIONS

For purposes of this Request for Production, the following terms and definitions are provided:

1. <u>Plaintiff</u>: The term "Plaintiff" as used herein shall mean El Komati, LLC and their representatives as defined below.

2. <u>Defendant</u>: The term "Defendant" shall mean Vantage Risk Specialty Insurance Company, whether by that name or any other, and its representatives as defined below.

3. <u>Representatives</u>: The term "representatives" shall mean any and all present or former partners, agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, independent contractors and other persons acting or purporting to act on behalf of the entity referred to.

4. <u>You</u> and <u>Your</u>: The terms "you" and "your" shall refer to Defendant (defined above) and any other person or entity acting or purporting to act on its behalf.

5.   <u>Document</u>:  The term "document" shall mean any written, printed, typed or other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes and discs), computer records, computer printouts, other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all telephone or personal conversations, meetings and other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets and all drafts, alterations, modifications and changes to any of the foregoing, as well as all digitally stored and generated documents and notes.

6.   <u>Communication</u>:   The term "communication" as used herein shall mean any contact between or among the parties indicated, including but not limited to, all documents (defined above), telephone or personal conversations, meetings, e-mails or electronic contacts, conferences and discussions.   Once identified, a communication may be subsequently identified by use of a common description.

7.   <u>Identify</u>:  The term "identify" when used with reference to a person shall mean to:

    a.   State the full name of the person;

    b.   State the full name of the last known employer of the person;

    c.   State the last known occupation or title of the person with such employer;

    d.   State the last known business telephone number of the person;

    e.   State the last known home address of the person; and

    f.   State the last known home telephone number of the person.

Once identified, a person may be subsequently identified by uniform use of a standard name.

8.   <u>Identify</u>:  The term "identify" when used with reference to a document shall mean to:

    a.  State a complete description of the document;

    b.  Identify the person who prepared the document;

    c.  State the date on which the document was prepared;

    d.  State the location at which the document was prepared; and

    e.  Identify the person who presently has care, custody and control of the document.

Once identified, a document may be subsequently identified by uniform use of a standard description.

    9.  <u>Person</u>:  The term "person" as used herein shall mean a natural person other than an entity and shall be construed to include groups of natural persons.

<u>Instructions</u>

    Should Defendant object to a Request to Produce or not respond pursuant to a claim of privilege, the Defendant is required to:

    a.  State the basis of the claim of privilege;

    b.  Identify the subject matter of the information to which a claim of privilege is made;

    c.  Identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and

    d.  Identify of all persons or entities to which the privileged information has been disclosed.

## <u>PLAINTIFFS' FIRST REQUESTS TO PRODUCE</u>

1.    A true and correct copy of all DEC pages and the full and complete insurance policy(s) referenced in Plaintiff's Complaint and a sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy.

**RESPONSE:**

2.    A copy of any and all other DEC pages and insurance policy(s) which may provide coverage to either Plaintiff for the damages claimed in Plaintiff's Complaint.

**RESPONSE:**

3.    A copy of each and every document (defined above) which you reasonably anticipate may be introduced into evidence at the trial of this matter.

**RESPONSE:**

4.    A copy of any and all documents which you allege may support any affirmative defense which you have raised in this matter.

**RESPONSE:**

5.    A copy of any and all documents which you allege may support any Motion to Dismiss which you have filed in this matter.

**RESPONSE:**

6.    Copies of any and all statements, and any transcripts from any person who has knowledge of the facts in this matter including any expert witness or the Defendant (defined above) herein.

**RESPONSE:**

7.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same which have been reduced to writing and/or transcribed, including but not limited to Examinations Under Oath, which were taken of or provided by any insured or their representatives (defined above) which are in your possession or control.

**RESPONSE:**

8.      Copies of any and all recorded statement(s) and telephone conversations, as well as any transcripts for the same which have been reduced to writing and/or transcribed, which were taken of or provided by any witness which are in your possession or control.

**RESPONSE:**

9.      Each and every document, report, chart, graph, object, summary, compilation of data or other thing relied upon by any of your experts, in whole or in part, in the formulation of any opinions and conclusion in this case.

**RESPONSE:**

10.     Copies of any photographs of Plaintiff's Property located at 4521 Executive Drive, Naples, FL 34119 which are in your possession or control.

**RESPONSE:**

11.     Copies of any photographs which reflect any damage at Plaintiff's Property located at 4521 Executive Drive, Naples, FL 34119 which are in your possession or control.

**RESPONSE:**

12.     Copies of any photographs of any work performed at Plaintiff's Property located at 4521 Executive Drive, Naples, FL 34119 which are in your possession or control.

**RESPONSE:**

13.     Copies of any and all estimates and damage appraisals and other documents (defined above) referencing damage appraisals regarding Plaintiff's Property located at 4521 Executive Drive, Naples, FL 34119 which are in your possession or control.

**RESPONSE:**

14.     Copies of any and all documents (defined above) upon which you based any denials of coverage for the loss described in Plaintiff's Complaint.

**RESPONSE:**

15.     Copies of any and all documents (defined above) upon which you based any denials of all or part of the amount of loss claimed by Plaintiff.

**RESPONSE:**

16.     If there are any denials of insurance coverage being made by Defendant, then copies are requested of any and all applications for insurance, insurance forms, data sheets, correspondence, notices, facsimile, e-mails and other documents (defined above) which reference in any way any the insurance policy at issue in this matter.

**RESPONSE:**

17.     Copies of any and all correspondence, facsimile, notices, e-mails and other documents (defined above) which reference in any way any notices which you provided to Plaintiff regarding cancellation of the insurance policy at issue in this matter.

**RESPONSE:**

18.     Copies of all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to Plaintiff regarding cancellation of the policy of insurance at issue in this matter.

**RESPONSE:**

19.     All reports and current curriculum vitae from any expert(s) retained by you for any reason regarding Plaintiff's claim.

**RESPONSE:**

20.     Any and all e-mails, letters, facsimile, and other correspondence regarding any claims made by Plaintiff for homeowners' insurance benefits as a result of the wind event on the date of loss in the Complaint, including but not limited to, correspondence with experts, independent adjusters, appraisers, inspectors, and any other third party.

**RESPONSE:**

21.     All documents reflecting any payment made to any person (defined above) or entity for any reason as a result of the wind event described in Plaintiff's Complaint.

**RESPONSE:**

22.     All books, treaties or authority used by Defendant's adjuster in determining what amount to pay or deny regarding the claim at issue.

**RESPONSE:**

23.     All writings, memoranda, notes or other materials reflecting examination of Plaintiff's Property by Defendant or its agents.

**RESPONSE:**

24.     All proofs of loss received by Defendant from Plaintiff.

**RESPONSE:**

25.     All estimates received by Defendant from any source for repairs to Plaintiff's Property.

**RESPONSE:**

26.     Defendant's latest claims manual or statement of policies and procedures on the processing or handling of homeowner's claims.

**RESPONSE:**

27.     Any training manuals, guides and documents which Defendant has provided to its adjusters regarding adjusting wind damage claims from the past three years to the present.

**RESPONSE:**

28.     Copies of any peer reviews, estimates, or comparative estimates generated by anyone on Defendant's behalf regarding the amount of loss at issue.

**RESPONSE:**

29.     All documents showing the total amount paid during the past three years to any third parties providing services, analyses, or opinions regarding Plaintiff's claim.

**RESPONSE:**

30.     A copy of the contract/agreement/document (if any) that Defendant has with anyone, including but not limited to contractors, engineers, adjusters, or experts, who may provide testimony at the trial of this matter.

**RESPONSE:**

31.     A copy of each resume, curriculum vitae, and other document listing the qualifications of each and every expert and/or consultant hired by your of on behalf of your who may testify at trial.

**RESPONSE:**

32.     All documents that relate to the drafting, meaning, and interpretation of any language, terms, or provisions, used in the policy at issue.

**RESPONSE:**

33.     Pursuant to Fla. R. Civ. P. 1.310(b)(6), please produce three (3) alternative dates for deposition to occur no earlier than 30 days but no farther than 120 days from service for the deposition of the corporate representative(s) with the most knowledge of the claim asserted by the Plaintiffs' Complaint as well as the individual who was primarily responsible for the decision to deny indemnifying Plaintiff's amount of loss.    A designation of the information upon which such examination will proceed will be provided under separate cover.

**RESPONSE:**

34.   Copies of any and all notices sent by you or your representatives (defined above) to any insured to participate in a mediation program under Fla. Stat.§ 627.7015 and copies of any and all PORS, Proof of Mailing and other documents (defined above) which reflect in any way mailings made by you to any insured regarding the same.

**RESPONSE:**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant via the Florida Eportal on this 21[th] day of April 2023.

**Dated:** April 21, 2023

*/s/Gregory N. Greenberg*
**COHEN LAW GROUP**
Gregory N. Greenberg, Esq.
Florida Bar Number: 95978
*FOR THE FIRM*
350 North Lake Destiny Road
Maitland, Florida 32751
Phone:(407) 478-4878
Fax:(407) 478-0204
Primary: ggreenberg@itsaboutjustice.law
Secondary: brittni@itsaboutjustice.law